In re The Interest of E.K.

In re The Interest of J.J.M.

**JUVENILE OFFICER, Plaintiff/Respondent,**

v.

**M.C. (Natural Mother), Defendant/Appellant.**

Nos. 62565, 62564.

Missouri Court of Appeals, Eastern District, Division One.

August 3, 1993.

Clifford B. Mayberry, Brent John Mayberry, Mayberry & Mayberry, Kirksville, for defendant/appellant.

Wallace W. Trosen, Kirksville, Debra Broughton, Government Counsel, Knox County Courthouse, Crown Drive Professional, Kirksville, for plaintiff/respondent.

REINHARD, Judge.

The mother of E.K., born April 11, 1982, and J.J.M., born November 11, 1988, appeals from the orders of the trial court terminating her parental rights to the children.[1] Remanded with directions.

Mother contends that the trial court erred when it failed to enter specific findings of fact required pursuant to·§ 211.447.2(3)(a)–(d), RSMo Supp.1990.[2] Section 211.447 states, in pertinent part:

2. The juvenile court may terminate the rights of a parent to a child upon a petition filed by the juvenile officer or in adoption cases, by a prospective parent, if it finds that the termination is in the best interests of the child and when it appears by clear, cogent and convincing evidence that one or more of the following grounds for termination exist:

\* \* \* \* \* \*

(3) The child has been under the jurisdiction of the juvenile court for a period of one year, and the court finds that the conditions which led to the assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to exist, that there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future, or the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home. In determining whether to terminate parental rights under this subdivision, the court shall consider and make findings on the following:

(a) The terms of a social service plan entered into by the parent and the division and the extent to which the parties have made progress in complying with those terms;

(b) The success or failure of the efforts of the juvenile officer, the division or other agency to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child;

(c) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control;

(d) Chemical dependency which prevents the parent from consistently providing the necessary care, custody and control over the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control.

In the case before us, the juvenile officer did not file a brief. The children's guardian ad litem, in his brief, acknowledges that the trial court failed to make findings of fact regarding subparagraphs (b) through (d) and agrees that the case must be remanded. However, the guardian ad litem also notes that the trial court, in its orders terminating Mother's parental rights to the children, did enter findings detailing her noncompliance

---

1. The children have separate fathers; each father was served with process, but neither filed an answer nor appeared at the hearing.

2. Mother also asserts that "[t]he evidence was not sufficient to terminate parental rights under [§ 211.447,] and in particular under [§ 211.447.-2(3)]." Because of our decision that this cause must be remanded to the trial court for further findings, we need not address this contention of error.

with the terms of the social service plans entered into by her and the Division of Family Services. The guardian ad litem contends that these findings are sufficient to meet the prescriptions of § 211.447.2(3)(a). We agree, but find that the court failed to make findings required pursuant to subparagraphs (b), (c), and (d) of § 211.447.2(3).

The court in *In Interest of J.M.*, 789 S.W.2d 818 (Mo.App.1990), was confronted with similar deficiencies in the record. Here, as in *In Interest of J.M.*, we are not "in a position to overlook the clear statutory mandate that 'the court *shall* consider and make findings ...' as to subparagraphs (a) through (d)." *In Interest of J.M.*, 789 S.W.2d at 822 (emphasis in original) (quoting § 211.447.-2(3)). The *In Interest of J.M.* court remanded the cause with directions that the trial court consider the record therein and enter the appropriate required findings. The court further directed:

> In the event that the subject matter of any of said subparagraphs is not relevant to the disposition of this cause a finding should be made to that effect stating why a given subparagraph is irrelevant, (e.g., no evidence presented, insufficient evidence presented, evidence not credible, etc.).

*Id.* We find that similar action is mandated here. Prior to a ruling on the merits in this case, we are required to remand to the trial court for findings as to subparagraphs (b), (c), and (d) of the statute.

Remanded with directions.

CRANDALL, P.J., and CRIST, J., concur.