**In the Interest of K.T., J.T., and A.T.**

**No. 70274.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 8, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 29, 1997.

Edward Joseph Grewach, Grewach & Grewach, Troy, for Appellant.

Gary John Richards, Troy, for Respondent.

William Cheeseman, Troy, for Guardian Ad Litem.

GARY M. GAERTNER, Judge.

In this consolidated appeal, appellants, S.S. ("mother") and C.T. ("father"), appeal the judgments of the Circuit Court of Lincoln County terminating their parental rights to K.T., A.T., and J.T. ("children") pursuant to RSMo § 211.447.2.[1] The Division of Family Services ("DFS") also appeals from an order of the trial court requiring DFS to pay the costs of the transcript on appeal. We affirm in part and remand in part.

The juvenile court took jurisdiction of children[2] on December 14, 1992, after it adjudicated them to be abused or neglected. On October 19, 1995, the juvenile officer filed petitions to terminate both mother's and father's parental rights with respect to each of the children. The trial court terminated the rights of both parents to all three children in orders entered on March 11, 1996, and returned the children to the custody of DFS.

---

1. All statutory references are to RSMo 1994.

2. J.T., a girl, was born on January 4, 1988; A.T., a boy, was born on February 23, 1989; K.T., a girl, was born on January 2, 1991.

Mother then requested the right to appeal in *forma pauperis.* The trial court granted this request and ordered DFS to pay the costs of the transcript on appeal pursuant to RSMo § 211.462.4. DFS appeals from this order, and mother and father appeal the termination of their rights to each of the children. We address mother's and father's appeals first.

■ Father presents two issues on appeal, the first concerning alleged hearsay statements made at trial, and the second challenging the sufficiency of the evidence to terminate his parental rights. Mother incorporates father's points on appeal, and, in addition, challenges the sufficiency of the evidence to terminate her parental rights and asserts the trial court erred in terminating her rights as the court failed to make findings required by RSMo 211.447.2(3). We find this last point dispositive of both appeals.

Mother asserts, and respondent-juvenile officer concedes, the trial court erred in terminating her parental rights under RSMo § 211.447.2(3) as the court failed to make specific findings on each of the four areas listed under that subdivision, RSMo § 211.447.2(3)(a)-(d).[3] We agree with the parties and remand both mother's and father's cases so the trial court may enter the appropriate findings as to each of the four subparagraphs.[4] *In Interest of K.D.C.R.C.B–T,* 928 S.W.2d 905, 908–909 (Mo.App. E.D.1996).

Additionally, we note the termination of father's parental rights could be pursuant to either RSMo § 211.447.2(2) or § 211.447.2(3), based on the findings in the trial court's judgments. Both provisions require the trial court to address and make findings on the four different factors listed under each subdivision. Such findings do not appear in the orders at issue here. This oversight may

also be remedied on remand. Should the trial court find any of the subparagraphs under either of the subdivisions do not apply, then a finding should be entered explaining why the subparagraph is irrelevant. *In re Interest of E.K.,* 860 S.W.2d 797, 799 (Mo. App. E.D.1993).

Because remand is necessary, we decline to address the merits of parents' appeals.

■ Lastly, we turn to DFS's appeal of the trial court's order wherein it directed the agency to pay the costs of preparing the transcript on appeal. This issue is moot, however, as DFS paid the costs. We note other procedures, such as a writ of prohibition, were available to DFS to seek a ruling on the trial court's order prior to the expenditure of DFS's funds and the transcriptionist's time. Accordingly, we find DFS has waived its claim and deny its appeal as moot.

Based on the foregoing, the judgments of the trial court terminating mother's and father's parental rights are remanded with directions; the judgment of the trial court ordering DFS to pay the costs of the transcript is affirmed.

DOWD, P.J., and REINHARD, J., concur.

---

3. Although father does not raise this particular issue in his brief, the Juvenile Officer recognizes the trial court's oversight in father's case as well. Thus, we raise and address this issue with respect to father's appeal pursuant to Rule 84.13(c).

4. We note the record contains abundant evidence from various witnesses on whether parents' rights should be terminated. On remand, we suggest the trial court refer to the evidence on which it relied in making its findings, including the findings concerning the grounds for terminating mother's and father's parental rights, in order to aid this Court in reviewing this case on the merits.