In the Interest of D.F.P.

L.P., Appellant.

No. 22245.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 31, 1998.

Todd F. Thorn, West Plains, for Appellant.

Brian G. Ellsworth, Cabool, for Juvenile Officers, 37th Judicial Circuit.

PREWITT, Presiding Judge.

L.P., Appellant, is the natural mother of D.F.P., born August 31, 1994. She appeals from judgment terminating her parental rights. Among her contentions is that the trial court failed to follow Section 211.477.5, RSMo 1994, in that no finding was made that it was in the best interest of the child to terminate Appellant's parental rights. Respondent juvenile officers concede that if this contention is properly raised this Court should remand to the trial court with direction that it enter a specific finding as to whether termination of parental rights is in the minor's best interest, as required by Section 211.477.5.

This contention is first raised in argument under Appellant's Point I, and also specifically recited in Point II, although only raised in regard to a report of the juvenile officer complained of in that point. Even if this contention was not properly raised, due to the seriousness of a termination of parental rights proceeding, we will review under plain error. See Rule 84.13(c). Absent a finding that termination is in the best interest of a child, manifest injustice may have occurred.

We reach this determination because severance of the parent-child relationship by law is an awesome power which demands strict and literal compliance with statutes allowing it. *In re Interest of W.S.M.*, 845 S.W.2d 147, 151 (Mo.App.1993). Compliance with Section 211.477.5 is not idle statutory rhetoric, it is obligatory and such failure is grounds for reversal. *Id. See also In the Interest of K.T.*, 946 S.W.2d 246 (Mo.App.1997)(failure to make required findings requires remand, the court declining to address the merits).

Pursuant to the holdings of *W.S.M.* and *K.T.*, the cause is remanded with directions to enter findings regarding D.F.P.'s best interest, as required by Section

211.477.5, RSMo 1994. Thereafter an appeal may be taken, as provided by law.

CROW and PARRISH, JJ., concur.